VAN EVERY v. McGUIRE

[125 N.C. App. 578 (1997)]

---

DAVID C. VAN EVERY v. KELLY W. McGUIRE, (FORMERLY KELLY DIANE WEBB VAN EVERY)

No. COA96-485

(Filed 4 March 1997)

**1. Divorce and Separation § 552 (NCI4th)— child custody— attorney fees—estates of parties improperly considered**

The evidence in a child custody proceeding did not support the court's finding that the mother expended her full $120,000 income on food and other household expenses, and the trial court erred in considering the relative estates of the parties in assessing the mother's ability to employ adequate counsel and her entitlement to counsel fees. N.C.G.S. § 50-13.6.

**Am Jur 2d, Divorce and Separation §§ 604, 606, 615, 618.**

**2. Divorce and Separation § 551 (NCI4th)— child custody— costs—guardian ad litem fees—no abuse of discretion**

There was no abuse of discretion in the trial court's order which charged as costs of a child custody case to be paid by plaintiff father the fees of a guardian ad litem appointed to represent the interest of the child. In the assessment of court costs the trial court has no restrictions on its consideration of the relative estates of the parties. N.C.G.S. § 1A-1, Rule 17(b)(3); N.C.G.S. §§ 6-21(11), 7A-305(d)(7).

**Am Jur 2d, Divorce and Separation §§ 587, 749, 971.**

Appeal by plaintiff from order entered 20 December 1995 in Mecklenburg County District Court by Judge William G. Jones. Heard in the Court of Appeals 14 January 1997.

*The Tryon Legal Group, by Jerry Alan Reese, for plaintiff-appellant.*

*Nelson M. Casstevens, Jr. and Teresa L. Conrad, for defendant-appellee.*

GREENE, Judge.

David C. Van Every (plaintiff) appeals an order awarding Kelly McGuire's (defendant) counsel $55,688.35 in attorney's fees, $3,163.50 to the guardian ad litem, and $390.00 for expert witness fees.

The undisputed facts are that plaintiff and defendant were married in 1988 and divorced in 1992. One child was born to the marriage in 1989. A dispute arose with regard to the custody of the child and on 27 July 1994 the trial court appointed a guardian ad litem to represent the child. In entering its order the trial court found that the appointment was "in the child's best interests, and expedient to the administration of justice." The guardian ad litem was directed to: (1) "receive, review or copy documents concerning the child, whether or not the document is otherwise confidential;" (2) "investigate and determine the facts, the child's needs and the resources available to meet those needs and to present that information at Court hearings;" (3) "appear at all Court hearings and represent the child's interests by examining and cross-examining witnesses otherwise presenting evidence and making arguments to the Court;" and (4) "collect and present to the Court, to aid in custody and visitation determinations all available reports, evaluations, and other information regarding the child." On 19 December 1994 the trial court appointed two psychologists to "assist the Court in determining what custodial placement would be in the best interest of" the child. On 27 September 1995 the trial court entered an order granting the "care, custody and control" of the child to the defendant. The plaintiff was granted extensive visitation privileges.

On 20 December 1995 the trial court ordered the plaintiff to pay directly to the defendant's attorney the sum of $55,688.35 in payment of the attorney's "out of pocket expenses" and the "services" performed by the attorney on behalf of the defendant. The trial court also ordered the plaintiff to pay, as part of the costs in this action, the

sum of $3,163.50 to the guardian ad litem in payment of the "charges" made by the guardian ad litem in her representation of the child. The plaintiff was finally directed to pay, as part of the costs, the sum of $390.00 in payment of the "charges" made by the psychologists previously appointed by the trial court.

In support of the 20 December order, the trial court concluded in relevant part that: (1) the defendant "is an interested party acting in good faith who has insufficient means to defray the expenses of this litigation"[;] (2) the plaintiff "is able to pay the sum of $55,688.35"[;] and (3) the plaintiff "is able to pay the guardian *ad litem* charges." The trial court entered the following relevant findings of fact: (1) plaintiff's annual income in 1991, 1992 and 1993 was well over $1,000,000.00 and his net estate is worth $15,000,000.00; (2) until April 1995, defendant had no income, but from April until the present, defendant's income per month is $10,000.00 which is used to "pay for food and other household expenses"; (3) defendant's estate consists of three automobiles worth a total of $60,000.00, a savings account containing $3,000.00, and a gaming machine, the value of which is unknown, from which she receives her monthly income; and (4) defendant has no debts.

The evidence reveals that the defendant has paid all of her attorney's fees except $19,000.00 and that her present husband pays most of the household expenses. There is no evidence as to the amount of the defendant's expenses, including food and household expenses.

---

The issues are whether (I) a trial court may consider the relative estates of the parties when determining a party's entitlement to an award of attorney's fees in a custody action under N.C. Gen. Stat. § 50-13.6 (1995); and (II) the trial court erred in requiring the plaintiff to pay, as part of the court costs, the fees of the guardian ad litem.

I

[1] In a "proceeding for the custody or support, or both, of a minor child," the trial court has the discretion to enter an award of attorney's fees to an interested party, provided the interested party shows that she is "acting in good faith" and "has insufficient means to defray the expense of the suit." N.C.G.S. § 50-13.6 (1995); *Hudson v. Hudson*, 299 N.C. 465, 472, 263 S.E.2d 719, 723 (1980). A party has insufficient means to defray the expense of the action, when he or she is "unable to employ adequate counsel in order to proceed as lit-

igant to meet the other spouse as litigant in the suit." *Hudson*, 299 N.C. at 474, 263 S.E.2d at 724.

As a general proposition, the trial court is not permitted to compare the relative estates of the parties in assessing a party's ability to employ "adequate" counsel. *See Taylor v. Taylor*, 343 N.C. 50, 57-58, 468 S.E.2d 33, 37-38, *reh'g denied*, 343 N.C. 517, 472 S.E.2d 25 (1996). In the event, however, the party seeking an award of attorney's fees does not have sufficient income to employ "adequate" counsel and the expenses of the litigation would unreasonably deplete her estate, the trial court may examine the relative estates of the parties. *Cobb v. Cobb*, 79 N.C. App. 592, 596-97, 339 S.E.2d 825, 828-29 (1986); *Taylor*, 343 N.C. at 55, 468 S.E.2d at 36 (evidence did not show that requiring party to pay her own attorney's fees would cause an "unreasonable depletion of her estate").

In this case the trial court concluded that the defendant was an interested party acting in good faith and had insufficient means to defray the expenses of the action. There is no dispute that she is an interested party acting in good faith. The only question is whether the record supports the conclusion of law that the defendant was without sufficient means to defray the expenses of the action. *See Hudson*, 299 N.C. at 472, 263 S.E.2d at 724 ("good faith" and "insufficient means" inquiries present questions of law reviewable *de novo*).

The findings indicate that the defendant has an estate valued at $63,000 and an annual income of $120,000. The plaintiff has an estate valued at $15,000,000 with an annual income of $1,000,000. The findings also show that the defendant expends $120,000 annually "to pay for food and other household expenses." These findings, if supported by the evidence, can support the conclusion that she does not have sufficient "means to defray the expenses of this litigation." The finding, however, that she is required to expend her full income to defray her household expenses is simply not supported by the evidence. There is no evidence as to the amount of her "food and other household expenses" and indeed no evidence that she was required to expend all of her income for these purposes. Furthermore, the evidence shows that she was able to pay a large portion of her attorney's fees from her annual income.

Because the evidence fails to show that she did not have ample income to defray the expenses of this action and would have been required to deplete her estate to pay these expenses, the trial court erred in considering the relative estates of the parties in assessing the

defendant's ability to employ "adequate" counsel. The order requiring the plaintiff to pay the defendant's attorney's fees is therefore reversed and remanded. On remand the trial court must reconsider the defendant's entitlement to attorney's fees. The determination must be made on the basis of the evidence in this record and without a consideration of the relative estates of the parties.

## II

[2] Court costs in custody proceedings "shall be taxed against either party, or apportioned among the parties, in the discretion of the court." N.C.G.S. § 6-21(11) (1986). The costs recoverable include those items enumerated in N.C. Gen. Stat. § 7A-305 (1995); *see Sealey v. Grine*, 115 N.C. App. 343, 347, 444 S.E.2d 632, 635 (1994) (allowing recovery of "deposition expenses" although not listed in section 7A-305). Section 7A-305(d)(7) specifically provides that "[f]ees of guardian ad litem[s]" are assessable as an item of costs.

In this case the trial court appointed a guardian ad litem to represent the interest of the child. This appointment was consistent with authority granted to the trial court in Rule 17 of the North Carolina Rules of Civil Procedure. Rule 17(b)(3) authorizes the trial court to appoint a "guardian ad litem for an infant or incompetent person . . . when it is deemed by the [trial] court in which the action is pending expedient to have the infant, or insane or incompetent person so represented." N.C.G.S. § 1A-1, Rule 17(b)(3) (1990). The trial court included in its order a finding that the appointment of the guardian ad litem was in the best interest of the child and "expedient to the administration of justice." The plaintiff does not assign error to this finding. The guardian ad litem was thus properly appointed.

Having properly appointed the guardian ad litem, the trial court was within its discretion to assess as an item of costs the fees of the guardian ad litem and to tax those fees to either party or apportion them between the parties. This Court can reverse that decision only "upon a showing that [the decision is] manifestly unsupported by reason." *See White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). Thus, contrary to the argument of the plaintiff, the assessment of costs is determined using a different criteria than that used for the assessment of attorney's fees under section 50-13.6. *See Smith v. Price*, 315 N.C. 523, 537, 340 S.E.2d 408, 417 (1986). In the assessment of court costs the trial court has no restrictions on its consideration of the relative estates of the parties.

In this case our review of the record discloses no manifest abuse of discretion with respect to the assessment of court costs, including the fees for the guardian ad litem. The order of the trial court directing the plaintiff to pay the guardian ad litem fees is thus affirmed.

Affirmed in part, reversed in part, and remanded.

Judges EAGLES and MARTIN, John C., concur.