DAVID C. VAN EVERY v. KELLY W. McGUIRE (FORMERLY
KELLY DIANE WEBB VAN EVERY)

No. 159PA97

(Filed 3 April 1998)

**Divorce and Separation § 552 (NCI4th)— attorney fees—child
custody—estates of parties**

The Court of Appeals correctly reversed a trial court order
requiring plaintiff to pay defendant's attorney's fees in a child
support action where the trial court made findings regarding the
relative estates of the parties, but the trial judge's order was
entered prior to *Taylor v. Taylor*, 343 N.C. 50. The Court of
Appeals correctly concluded that the evidence before the trial
court fails to show that defendant did not have ample income to
defray the expenses of the action and would have been required
to unreasonably deplete her estate to pay these expenses; how-
ever, the Court of Appeals' statement that the trial court is not
permitted to compare the relative estates of the parties extends
the holding in *Taylor* further than intended. The fact that
N.C.G.S. § 50-13.6 does not require the trial court to compare the
relative estates of the parties does not automatically mean that it
does not allow or permit the trial court to do so in a proper case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unani-
mous decision of the Court of Appeals, 125 N.C. App. 578, 481 S.E.2d
377 (1997), affirming in part and reversing in part the trial court's
order entered by Jones (William G.), J., on 20 December 1995 in
District Court, Mecklenburg County, and remanding for further pro-
ceedings. Heard in the Supreme Court 18 November 1997.

*The Tryon Legal Group, by Jerry Alan Reese, for plaintiff-
appellee.*

*Casstevens, Hanner, Gunter & Conrad, P.A., by Nelson M.
Casstevens, Jr., for defendant-appellant.*

FRYE, Justice.

The Court of Appeals, relying on this Court's decision in *Taylor v.
Taylor*, 343 N.C. 50, 468 S.E.2d 33 (1996), reversed an order requiring
plaintiff to pay defendant's attorney's fees and remanded that issue to
the trial court for reconsideration based on the evidence in the

record and without a consideration of the relative estates of the parties. In this case, we examine the parameters of our recent decision in *Taylor* in order to assure that our decision in that case will be applied with "fairness to litigants and fulfillment of perceived legislative intent." *Id.* at 58, 468 S.E.2d at 38.

In *Taylor*, the question before this Court was whether a trial court, in ruling on a motion for attorney's fees in a child custody and support action, may determine that a party has sufficient means to defray the costs of the action without considering the estate of the other party. We answered in the affirmative, stating that "we do not believe that the determination of whether a party has sufficient means to defray the necessary expenses of the action *requires* a comparison of the relative estates of the parties." *Id.* at 57, 468 S.E.2d at 37 (emphasis added).

We come now to the facts and circumstances of the instant case. Plaintiff David Van Every and defendant Kelly McGuire were married in 1988. Their only child was born in 1989. The two were separated in 1991 and divorced in 1992. This action was instituted on or about 11 July 1991 when plaintiff brought suit against defendant for custody of their child, David Christopher Van Every. The parties have been in dispute over child custody and support since that time. On 27 July 1994, the trial court, finding it "in the child's best interests," appointed a guardian *ad litem* to represent the child in this action. On 19 December 1994, the trial court appointed two psychologists to "assist the Court in determining what custodial placement would be in the best interest of" the child. On 27 September 1995, the trial court entered an order granting the "care, custody and control" of the child to defendant. The trial court granted plaintiff extensive visitation privileges.

On 20 December 1995, following a hearing, the trial court ordered plaintiff to pay directly to defendant's attorney the sum of $55,688.35 in payment of the attorney's "out of pocket expenses" and the "services" performed by the attorney on behalf of defendant. With reference to the award of attorney's fees to defendant, the trial court, *inter alia*, found the following: (1) plaintiff's annual income in 1991, 1992, and 1993 was well over $1,000,000, and his net estate is worth $15,000,000; (2) until April 1995, defendant had no income, but from April until December 1995, defendant's income per month was $10,000, which was used to "pay for food and other household expenses"; (3) defendant's estate consisted of three automobiles worth a total of $60,000, a savings account containing $3,000, and a

gaming machine, the value of which is unknown, from which she received her monthly income; and (4) defendant had no debts. The trial court then concluded as a matter of law that defendant was an interested party acting in good faith who had insufficient means to defray the expenses of the litigation.

Plaintiff appealed to the Court of Appeals, contending, *inter alia*, that the trial court erred in awarding attorney's fees to defendant under N.C.G.S. § 50-13.6 because defendant has substantial means with which to defray the costs of the litigation, has few if any monthly expenses, and would not have to deplete her estate substantially in order to pay her own fees. Plaintiff also contended that the trial court erred in determining defendant's entitlement to attorney's fees under a comparison of estates approach rather than based on defendant's ability to defray the expenses of the litigation.

In reversing the trial court on the question of defendant's entitlement to an award of attorney's fees, the Court of Appeals, citing *Taylor*, said: "As a general proposition, the trial court is not permitted to compare the relative estates of the parties in assessing a party's ability to employ 'adequate' counsel." *Van Every v. McGuire*, 125 N.C. App. 578, 581, 481 S.E.2d 377, 378 (1997). This extends our holding in *Taylor* further than intended. The fact that N.C.G.S. § 50-13.6 does not *require* the trial court to compare the relative estates of the parties does not automatically mean that it does not *allow* or *permit* the trial court to do so in a proper case.

In the instant case, the trial judge's order was entered prior to this Court's decision in *Taylor*. The transcript shows that the Court of Appeals' decision in *Taylor v. Taylor*, 118 N.C. App. 356, 455 S.E.2d 442 (1995), was presented to the trial court as "the most recent case that sets forth the standard." In *Taylor*, the Court of Appeals held that the trial court erred by not considering plaintiff's estate in determining that defendant had sufficient means to defray the expenses of the action. The Court of Appeals explained:

> [T]he record reveals that the court made its determination on this issue without considering the relative estates of the parties. The trial court only made findings on the value of defendant's estate. Whether a party has insufficient means to defray the expenses of the action *requires* a consideration of the estates of the parties.

*Id.* at 365, 455 S.E.2d at 448 (emphasis added).

**VAN EVERY v. McGUIRE**

[348 N.C. 58 (1998)]

In reversing the Court of Appeals and reinstating the trial court's order, this Court stated the issue and answer as follows:

> The sole question on this appeal is whether a trial court, in ruling on a motion for attorney's fees in a child custody and support action, may determine that a party has sufficient means to defray the cost of the action without considering the estate of the other party. We answer in the affirmative and reverse the Court of Appeals' decision to the contrary.

343 N.C. at 51, 468 S.E.2d at 34. In discussing the issue, we said:

> The trial judge made findings pursuant to N.C.G.S. § 50-13.6 for a child custody and support suit. The trial court found that defendant was an interested party and that she was acting in good faith, and plaintiff does not challenge these findings. However, after considering the testimony on defendant's financial condition, the trial court found that defendant had sufficient means to defray the expense of the action. Defendant contends, essentially, that the trial court cannot make this determination without considering the relative estates of the parties. Plaintiff, on the other hand, contends that such a determination can be made without a comparison of the estates of the parties. We agree with plaintiff.

*Id.* at 54, 468 S.E.2d at 36. We then examined the record and concluded:

> The evidence supported the trial court's finding that defendant had the means to defray her litigation expenses. Defendant's estate, which is primarily liquid, was sufficient to pay these expenses; and no unreasonable depletion of her estate would be required to pay them. The trial court's findings of fact thus support the conclusion that an award of attorney's fees was not necessary to make it possible for defendant to employ adequate counsel to enable her, as litigant, to meet plaintiff in the suit.

*Id.* at 55, 468 S.E.2d at 36.

In the instant case, the Court of Appeals examined the record and concluded that the evidence before the trial court "fails to show that [defendant] did not have ample income to defray the expenses of this action and [that defendant] would have been required to [unreasonably] deplete her estate to pay these expenses." *Van Every*, 125 N.C. App. at 581, 481 S.E.2d at 379. Based on this conclusion, with

which we agree, the Court of Appeals reversed the order requiring plaintiff to pay defendant's attorney's fees and remanded for reconsideration "on the basis of the evidence in the record and without a consideration of the relative estates of the parties." *Id.* at 582, 481 S.E.2d at 379.

While we agree with the Court of Appeals that the case must be remanded for reconsideration of defendant's entitlement to attorney's fees, we believe that the order of remand is too restrictive in two respects: (1) since the trial court did not have the benefit of this Court's *Taylor* decision, it should not be prohibited from ordering such additional evidence, if any, as the trial court, in its discretion, may determine is necessary to permit a proper finding by the trial court as to defendant's ability, or lack thereof, to pay her expenses from income or from her estate or from some combination thereof without unreasonable depletion of her estate; and (2) while the trial court should focus on the disposable income and estate of defendant, it should not be placed in a straitjacket by prohibiting any comparison with plaintiff's estate, for example, in determining whether any necessary depletion of defendant's estate by paying her own expenses would be reasonable or unreasonable. Accordingly, the order of remand must be modified to remove these restrictions.

Upon remand, if the trial court finds from the evidence that defendant has sufficient means to defray the expense of the suit, then defendant's request for attorney's fees shall be denied. If the trial court finds from the evidence that defendant has insufficient means to defray the expense of the suit, then it shall exercise its discretion in determining whether it shall order payment of reasonable attorney's fees to defendant.

For the reasons stated herein, the decision of the Court of Appeals is modified as to the conditions of remand and, as modified, is affirmed.

MODIFIED AND AFFIRMED.