VALERIE BOOKHOLT, Plaintiff v. ROBERT G. BOOKHOLT, Defendant

No. COA99-175

(Filed 30 December 1999)

**1. Divorce— alimony—amount—discretion of trial judge**

The trial court did not err in awarding $2,400 per month of alimony even though the parties previously agreed that a $2,200 obligation would be sufficient for alimony pendente lite because: (1) the amount of alimony is in the sound discretion of the trial court; (2) the amount of alimony pendente lite to which the parties consent does not bind the trial court as to the amount of permanent alimony it must eventually award; and (3) the determination of what constitutes reasonable needs and expenses of a party in an alimony action is within the discretion of the trial judge, and he is not required to accept at face value the assertion of living expenses offered by the litigants themselves.

**2. Divorce— alimony—duration—specific findings not required**

The trial court did not err by failing to make findings relative to the duration of the alimony award because the action was filed on 16 July 1993, and N.C.G.S. § 50-16.3A provides that only actions filed on or after 1 October 1995 require specific findings relative to the duration of any alimony award.

**3. Child Support, Custody, and Visitation— support— amount—discretion of trial judge**

The trial court did not err by ordering $2,350 per month in child support when the prior consent order awarded $2,000 in temporary child support because the amount of temporary child support agreed to by the parties does not bind the trial court as to the amount of permanent child support.

**4. Child Support, Custody, and Visitation— support—needs and expenses—discretion of trial judge**

The trial court did not err in computing defendant-father's child support obligation based on the child's reasonable needs

and expenses of $3,407 per month because the determination of what constitutes reasonable needs and expenses is within the discretion of the trial judge, and he is not required to accept at face value the assertion of expenses offered by the litigants themselves.

**5. Divorce— alimony and child support—attorney fees—sufficiency of findings—means to defray litigation expenses— good faith**

In an action for alimony and child support, the trial court erred in awarding $4,889 in attorney fees under N.C.G.S. § 50-16.3 (now 50-16.4) and N.C.G.S. § 50-13.6 to plaintiff-wife because the trial court made insufficient findings regarding: (1) whether the dependent spouse has insufficient means to defray her litigation expenses based on both her disposble income and her separate estate; and (2) whether the party seeking attorney fees is an interested party acting in good faith.

**6. Divorce— alimony and child support—attorney fees—comparison of separate estates—discretion of trial court**

Although a comparison of separate estates is not required in determining the propriety of attorney fees under N.C.G.S. § 50-16.3 (now 50-16.4) and N.C.G.S. § 50-13.6 in an alimony and child support case, on remand the trial court may do so, if it chooses, to determine whether any necessary depletion of plaintiff-wife's estate would be reasonable.

**7. Divorce— alimony—automatic termination—cohabitation—specific agreement between parties required**

In the absence of a specific agreement between the parties, the trial court erred in including a provision in its alimony award that alimony could automatically terminate upon plaintiff-wife's cohabitation with someone of the opposite sex in the absence of explicit statutory authority because: (1) this action was filed on 16 July 1993, and the automatic termination of alimony provision for cohabitation under N.C.G.S. § 50-16.9(b) only applies to actions filed on or after 1 October 1995; (2) the only limited circumstances that automatically terminate alimony include the death of either spouse, remarriage of the dependent spouse, and reconciliation between spouses; (3) cohabitation alone cannot be grounds for modification of alimony, and therefore, the trial court should not be able to circumvent this limitation by inserting cohabitation as a prospective ground for termination; and (4) a

BOOKHOLT v. BOOKHOLT

[136 N.C. App. 247 (1999)]

cohabitation provision is not analogous to an alimony award for a period of years terminable upon the occurrence of a certain event since our statutes specifically empower a trial judge to award alimony for a specific period of years and they do not confer the same power with respect to the occurrence of certain events, such as cohabitation.

Appeal by defendant and cross-appeal by plaintiff from order entered 28 July 1998 by Judge H. William Constangy in Mecklenburg County District Court. Heard in the Court of Appeals 17 November 1999.

*Casstevens, Hanner, Gunter & Gordon, P.A., by Mark D.N. Riopel and Robert P. Hanner, II, for plaintiff-cross-appellant.*

*Helms, Cannon, Hamel & Henderson, P.A., by Thomas R. Cannon and Christian R. Troy, for defendant-appellant.*

LEWIS, Judge.

Defendant appeals from an order requiring him to pay $2400 per month in alimony, $2350 per month in child support, and $4889 in attorneys' fees. Plaintiff cross-appeals from that part of the order stating that alimony terminates should she ever cohabit with a person of the opposite sex.

Plaintiff and defendant married on 30 May 1970 and separated on 22 March 1993. The parties entered into a consent order on 7 December 1993 covering, among other things, the issues of alimony *pendente lite* and temporary child support. Pursuant to that consent order, defendant agreed to pay $2200 per month in alimony and $2000 per month in child support. A divorce decree was issued on 16 May 1994, and a consent order for equitable distribution was subsequently entered on 9 January 1995. The issues of permanent alimony and permanent child support were not addressed until the order that is the subject of this appeal. Other facts will be presented as necessary for the proper resolution of the issues raised by each party. We now turn to those issues.

[1] Defendant first assigns error with the trial court's alimony award. He does not take issue with plaintiff's *entitlement* to alimony, but rather takes issue with the *amount* the trial court ordered him to pay. Decisions regarding the amount of alimony are left to the sound discretion of the trial judge and will not be disturbed on appeal unless

BOOKHOLT v. BOOKHOLT

[136 N.C. App. 247 (1999)]

there has been a manifest abuse of that discretion. *Quick v. Quick*, 305 N.C. 446, 453, 290 S.E.2d 653, 658 (1982). We find no such abuse of discretion here.

Defendant argues that, in ordering $2400 per month in alimony, the trial court failed to account for the prior consent order as to alimony *pendente lite*, in which both parties agreed that a $2200 monthly obligation would be sufficient. This argument is completely without merit, and defendant even admitted as much at oral argument. By definition, alimony *pendente lite* is only temporary in nature; it just means the amount of alimony to be paid "pending the final judgment of divorce." N.C. Gen. Stat. § 50-16.1(2) (repealed 1995). Its purpose is simply to help the dependent spouse subsist and maintain herself during the pendency of the divorce litigation. *Little v. Little*, 12 N.C. App. 353, 356, 183 S.E.2d 278, 280 (1971). Accordingly, the amount of alimony *pendente lite* to which the parties consent does not bind the trial court as to the amount of permanent alimony it must eventually award.

Defendant also argues that, in calculating the $2400 monthly award, the trial court erred in computing the needs and expenses of each party. In his financial affidavit submitted to the trial court, defendant listed $2100 in projected monthly housing costs to enable him to attain better housing. The trial court, however, considered these projections speculative and reduced this figure to $960.50 in finding defendant's total monthly needs and expenses to be $2823.35. Defendant maintains that this amounted to an abuse of the trial judge's discretion. We disagree. "The determination of what constitutes the reasonable needs and expenses of a party in an alimony action is within the discretion of the trial judge, and he is not required to accept at face value the assertion of living expenses offered by the litigants themselves." *Whedon v. Whedon*, 58 N.C. App. 524, 529, 294 S.E.2d 29, 32, *disc. review denied*, 306 N.C. 752, 295 S.E.2d 764 (1982). Implicit in this is the idea that the trial judge may resort to his own common sense and every-day experiences in calculating the reasonable needs and expenses of the parties. Here, the trial court apparently felt the $2100 in projected housing costs was unreasonable and then reduced that figure to an amount it felt was more reasonable. By doing so, we find no abuse in the exercise of its discretion.

Defendant also claims error in the trial court's calculations as to plaintiff's needs and expenses. In her financial affidavit, plaintiff listed her expenses as $1941.71 per month. The trial judge concluded that five of these expenses were unreasonable and, without making

any further findings, reduced plaintiff's figure by $625.49. Defendant argues that, even though the trial court's reduction ultimately benefited him, the trial court's calculations are "patently defective" absent appropriate findings to explain them. Again we disagree. As previously stated, the trial judge is not bound by the financial assertions of the parties and may resort to common sense and every-day experiences. By reducing some of plaintiff's expenses here, the trial court did not abuse its discretion.

**[2]** Defendant also argues that the alimony award is flawed because the trial court made no findings relative to the duration of the award, instead just mandating a lifetime award. Our statutes presently do require specific findings relative to the duration of any alimony award. N.C. Gen. Stat. § 50-16.3A(c) (1999). Significantly, however, this requirement only applies to actions filed on or after 1 October 1995. N.C. Gen. Stat. § 50-16.3A, Editor's Note (1999). This action was filed on 16 July 1993, pre-dating the present statute. The prior applicable version of the statute contained no requirement that there be findings relative to the duration of any alimony award. *See* N.C. Gen. Stat. § 50-16.5(a) (repealed 1995) ("Alimony shall be in such amount as the circumstances render necessary, having due regard to the estates, earnings, earning capacity, condition, accustomed standard of living of the parties, and other facts of the particular case."). Accordingly, the trial court did not err by making no findings to support its lifetime award.

**[3]** Next, defendant assigns error with the trial court's child support award. At the outset, we note that the parties' combined annual income exceeds $150,000. Accordingly, the North Carolina Child Support Guidelines do not apply, and any child support award is to be determined on a case-by-case basis. N.C. Child Support Guidelines, 1999 Ann. R. N.C., Commentary at 32. Defendant argues that, in ordering $2350 per month in child support, the trial court failed to account for the prior consent order as to temporary child support, in which both parties agreed that a $2000 monthly obligation would be sufficient. We reject this argument for the same reason that we rejected defendant's similar argument with respect to the alimony *pendente lite* consent order—the amount of temporary child support agreed to by the parties does not bind the trial court as to the amount of permanent child support it eventually awards.

**[4]** Defendant also asserts error in the trial judge's findings with respect to the child's needs and expenses. In computing defendant's

BOOKHOLT v. BOOKHOLT

[136 N.C. App. 247 (1999)]

child support obligation, the trial court found the child to have reasonable needs and expenses of $3407 per month. In arriving at this figure, the trial court again did not accept all the projected expenses submitted by plaintiff, choosing to reduce those numbers by $466 without making any further findings. Although this reduction again benefited him, defendant argues that the award is nonetheless defective because the trial court did not make appropriate findings to justify this reduction. For the same reasons as we articulated earlier, this argument is without merit.

[5] Finally, defendant assigns error to the trial court's award of $4889 in attorneys' fees to plaintiff. We conclude that the trial court made insufficient findings relative to its award of attorneys' fees and therefore remand the matter to the trial court for further findings.

"[T]he purpose of the allowance of counsel fees is to enable the dependent spouse, *as litigant,* to meet the supporting spouse, *as litigant,* on substantially even terms by making it possible for the dependent spouse to employ adequate counsel." *Williams v. Williams,* 299 N.C. 174, 190, 261 S.E.2d 849, 860 (1980). Accordingly, before an award of attorneys' fees in either a child support or alimony case is permissible, there must be a threshold finding that the dependent spouse has insufficient means to defray her litigation expenses. *See* N.C. Gen. Stat. § 50-13.6 (1999) (relating to child support); N.C. Gen. Stat. §§ 50-16.3, -16.4 (repealed 1995) (relating to alimony). In making this determination, the trial court should focus on both the disposable income of the dependent spouse and on her separate estate. *Van Every v. McGuire,* 348 N.C. 58, 62, 497 S.E.2d 689, 691 (1998). Here, plaintiff has a separate liquid estate of $88,000 from which she could pay her litigation expenses. The trial court, however, apparently failed to take this into account and instead just focused on her negative disposable income to justify the award of attorneys' fees. While the presence of a substantial separate estate does not automatically negate the dependent spouse's right to attorneys' fees, the trial court must still find that the use of her separate estate to pay her litigation expenses would amount to an unreasonable depletion of that estate before it awards her attorneys' fees. *Chused v. Chused,* 131 N.C. App. 668, 673, 508 S.E.2d 559, 563 (1998). The trial judge made no such finding here. Furthermore, before an award of attorneys' fees is warranted in an action involving child support, the trial judge is required to determine whether the party seeking attorneys' fees is an interested party acting in good faith. N.C. Gen. Stat. § 50-13.6 (1999). The trial court again made no such finding

here, and we are obligated to remand for that determination. *See Cox v. Cox*, 133 N.C. App. 221, 231, 515 S.E.2d 61, 66 (1999).

**[6]** We note that, in their briefs, the parties argue over whether a comparison of the separate estates is required in determining the propriety of attorneys' fees. Defendant contends that such a comparison is required, especially since he apparently has no separate estate here. Plaintiff, on the other hand, contends that no such comparison is necessary. Our Supreme Court recently clarified this issue in *Van Every v. McGuire*, 348 N.C. 58, 497 S.E.2d 689 (1998). Specifically, a trial judge is not required to compare the separate estates of both parties, but may do so under appropriate circumstances. *Id.* at 60, 497 S.E.2d at 690. Thus, on remand, the trial court may, if it so chooses, engage in a comparison of plaintiff's and defendant's separate estates to help it determine "whether any necessary depletion of [plaintiff's] estate by paying her own expenses would be reasonable or unreasonable." *Id.* at 62, 497 S.E.2d at 691.

**[7]** Having now considered all issues raised by defendant in his appeal, we move to plaintiff's cross-appeal. In her cross-appeal, plaintiff contests that portion of the trial court's order terminating her right to alimony should she ever cohabit with someone of the opposite sex. Our current statutes affirmatively state that cohabitation automatically terminates any alimony obligation. N.C. Gen. Stat. § 50-16.9(b) (1999). However, this statute only applies in actions filed on or after 1 October 1995. *Id.*, Editor's note. Because the instant action was filed 16 July 1993, the automatic termination provision in section 50-16.9(b) is not applicable here. No such cohabitation provision appeared in the pre-1995 version of the statute. We are thus left to decide whether the trial court could automatically terminate alimony upon cohabitation in the absence of explicit statutory authority. We hold that it could not.

Heretofore, alimony has been automatically terminable only in limited circumstances. The death of either spouse warrants automatic termination. *Hester v. Hester*, 239 N.C. 97, 100, 79 S.E.2d 248, 251 (1953). Likewise, remarriage of the dependent spouse automatically terminates the supporting spouse's alimony obligation. N.C. Gen. Stat. § 50-16.9(b) (amended 1995). And finally, reconciliation between the spouses is grounds for automatic termination. *O'Hara v. O'Hara*, 46 N.C. App. 819, 821, 266 S.E.2d 59, 59 (1980). We see no justification for extending these grounds to include cohabitation. We have previously held that, in a petition to modify alimony, cohabitation, standing alone, is not a sufficient change of circumstances to

warrant terminating the alimony obligation. *See Stallings v. Stallings*, 36 N.C. App. 643, 645, 244 S.E.2d 494, 495, *disc. review denied*, 295 N.C. 648, 248 S.E.2d 249 (1978). If cohabitation cannot be grounds for modification of alimony, then the trial judge should not be able to circumvent this limitation by simply inserting cohabitation as a *prospective* ground for termination.

Defendant analogizes this cohabitation provision to an alimony award for a period of years. He argues that, just as the trial court can terminate alimony upon a certain number of years, it should be able to terminate alimony upon the occurrence of a certain event, such as cohabitation. We find this analogy unpersuasive. Our alimony statutes specifically authorize alimony to be in lump sum or periodic payments. N.C. Gen. Stat. § 50-16.1(1) (repealed 1995). An alimony award for a specified period of years is one form of a lump sum payment. *Whitesell v. Whitesell*, 59 N.C. App. 552, 552, 297 S.E.2d 172, 173 (1982), *disc. review denied*, 307 N.C. 503, 299 S.E.2d 653 (1983). Thus, our statutes specifically empower a trial judge to award alimony for a specified period of years; they do not confer the same power with respect to the occurrence of certain events, such as cohabitation. Accordingly, we hold that, prior to the 1995 statutory amendments, the trial court had no authority to include a provision automatically terminating alimony upon cohabitation.

In passing, we feel obliged to clarify that our holding today in no way affects the ability of parties to include a termination-upon-cohabitation provision in *separation agreements*, whether or not specifically incorporated into a court order. Such provisions have previously been upheld by this Court, and we do not disturb these prior holdings. *See, e.g., Condellone v. Condellone*, 129 N.C. App. 675, 686 n.2, 501 S.E.2d 690, 697 n.2, *disc. review denied*, 349 N.C. 354, 517 S.E.2d 889 (1998); *Rehm v. Rehm*, 104 N.C. App. 490, 409 S.E.2d 723 (1991). Our holding today only restricts a trial court in cases filed before 1 October 1995 from including such a provision in alimony orders *in the absence of* a specific agreement between the parties.

In summary, we affirm the trial court's awards of $2400 per month in alimony and $2350 per month in child support. We vacate its order with respect to attorneys' fees and remand to the trial court for further findings. Finally, we vacate that portion of the trial court's order automatically terminating plaintiff's right to alimony upon cohabitation and remand for the entry of a new order without that provision.

Affirmed in part, vacated in part, and remanded.

Judges WYNN and MARTIN concur.