HUNTER, JR., Robert N., Judge.
*545 Michelle D. Sarno ("Plaintiff") appeals an order awarding child support, attorney's fees, and costs to her ex-husband, Vincent J. Sarno ("Defendant"). On appeal, Plaintiff argues the trial court committed the following errors: (1) deviating from the North Carolina Child Support Guidelines ("the Guidelines") without making the proper findings; (2) awarding Defendant attorney's fees; (3) awarding Defendant costs; and (4) crediting Defendant for overpaying child support. We vacate and remand in part and affirm in part.
I. Factual and Procedural Background
This case arises from a protracted dispute between Plaintiff and Defendant. Plaintiff and Defendant married on 15 July 2000 and have one child together. Plaintiff works as a teacher, and Defendant works at Rack Room Shoes, "in an accounting capacity." During the summer of 2006,[1] the parties separated.
On 3 March 2009, Plaintiff filed a complaint, seeking child custody, child support, and equitable distribution of the parties' property. On 14 March 2009, Defendant filed an answer and motion to dismiss. On 23 September 2009, the trial court entered an order for temporary child support. The trial court directed Defendant pay Plaintiff $558.31 monthly in child support. On or about 16 June 2010, the parties entered into a consent order for equitable distribution. On 15 September 2010, Defendant filed an amended answer and counterclaim. Defendant requested child custody, child support, and attorney's fees. Defendant alleged Plaintiff "repeated a desire" to move away, possibly to Vermont.
On 6 and 7 June 2011, the trial court began trial for child custody, child support, and attorney's fees. On 14 June 2011, the trial court rendered its judgment in open court, and referenced findings of fact it would make in a later order. On 11 August 2011, the trial court held a hearing to address "some issues that have come up with the visitation and custody schedule[,]" child support, and attorney's fees.
On 31 August 2011, nunc pro tunc to 14 June 2011, the trial court entered an order terminating temporary child support. Plaintiff filed a petition for a writ of mandamus in October 2011, requesting the trial court to issue "its finding of fact or its 'other reasons' for its [August 2011] ruling." The trial court held a hearing on 19 October 2011. At the hearing, the trial court stated it was "uncertain as to whether [it has]
*546 any authority whatsoever on that case at [that] point." Although the trial court had "findings of fact ready[,]" it was unsure how to proceed, due to the procedural posture of the case.
On 23 March 2012, the trial court entered an order of permanent child custody, specifically reserving the issue of child support for later determination. The trial court found Plaintiff, now engaged to a man from Vermont, still "explored" the Vermont area as a possible new home. Additionally, Plaintiff planned to relocate to Vermont around 15 July 2011, and "expressed minimal, if any, concern about the effect [her] move away from [the child] would have on [the child]." The trial court expressed "concern[ ]" and noted Plaintiff's "failure to give recognition to [the child]'s need for stability and a relationship with both parents[.]" Accordingly, the trial court ordered the parties to share joint, legal custody. The trial court awarded Defendant primary physical custody, starting at Plaintiff's relocation on 15 July 2011, and Plaintiff secondary physical custody. In the order, the trial court concluded "[t]here was insufficient time to hear evidence and rule on *823 claims for child support and attorney fees and the court retains jurisdiction to rule on this issue."
On 24 July 2012, Plaintiff filed a motion to modify child custody. Plaintiff alleged a change of circumstances, namely she planned to remain in North Carolina, instead of moving to Vermont, as stated at the June 2011 hearings.
On 14 September 2012, the trial court resumed trial to determine permanent child support. The hearing largely consisted of arguments from counsel, not testimony from either party.
On 24 April 2013, the trial court entered an order for permanent child support and attorney's fees. The trial court found Plaintiff's motion to modify custody was still pending. Additionally, the trial court found the parties deviated from the visitation schedule set in the custody order. Because Plaintiff did not move to Vermont, as originally maintained, Plaintiff exercised additional weekend visitation. However, the trial court found "[Plaintiff]'s testimony of her overnights did not convince the court of an exact amount of parenting time." Additionally, Defendant's theory for calculating overnights "was confusing." The trial court based its child support "on the current order and practice of the parties[,]" although a motion to modify custody was pending.
The trial court calculated child support should be "between a Worksheet A and a Worksheet B[.]" The trial court calculated the monthly child support amount at $380.50, between 15 July 2011 and 31 December *547 2011. The trial court awarded Defendant $425.00 in monthly child support, effective 1 January 2012. The trial court also awarded Defendant $2,000 for "reimbursement of overpayment of child support[.]" The trial court ordered Plaintiff to pay $9,400 in attorney's fees and costs.
On 20 May 2013, Defendant's counsel filed a certificate of service for the 24 April 2013 order. On 19 and 28 June 2013, Plaintiff and Defendant filed notices of appeal, respectively.
In an opinion filed 19 August 2014 and an order entered 10 September 2014, this Court dismissed Plaintiff's and Defendant's appeals regarding the order for permanent child support and attorney's fees. Sarno v. Sarno , 235 N.C. App. 597, 762 S.E.2d 371 (2014). This Court held the appeals were interlocutory, because the child support order was a temporary order. Id. at 599-601, 762 S.E.2d at 372-74.
On 16 April and 14 May 2014, the trial court held hearings on Plaintiff's motion to modify child custody. In an order entered 31 October 2014, the trial court modified custody and awarded primary physical and legal custody to Defendant. On 17 November 2014, Defendant filed a "Rule 52 Motion to Amend Findings and to Make Additional Findings; Rule 60 Motion to Correct Clerical Errors[.]" On 1 April 2016, the trial court sent a notice of hearing regarding Defendant's motions. In an order file stamped 19 and 20 April 2016, the trial court dismissed, with prejudice, Defendant's motions, after Defendant's counsel failed to appear at the hearing.
On 20 May 2016, Defendant filed a Rule 60 Motion to correct clerical errors. Defendant requested the trial court strike "with prejudice" from its April order, and dismiss Defendant's motions without prejudice. Additionally, Defendant's counsel alleged she reviewed the court file on 12 May 2016. However, the "Memorandum of Judgment/Order had not yet been filed." On 15 June 2016, Plaintiff filed notice of appeal.
II. Jurisdiction
Defendant alludes to an untimely notice of appeal by Plaintiff. The record evinces confusion regarding the file date of the judgment. The judgment is stamped on both 19 and 20 April 2016. Additionally, the record indicates the judgment was not filed on 12 May 2016. Plaintiff alleges she did not receive the judgment until on or about 20 May 2016. To confuse matters even further, there is no certificate of service attached to the judgment.
Regardless of any defect in Plaintiff's notice of appeal, we treat her appeal as a petition for writ of certiorari. In our discretion, we grant her petition for writ of certiorari and address the merits of her appeal.
*824 *548 III. Standard of Review
"Child support orders entered by a trial court are accorded substantial deference by appellate courts and our review is limited to a determination of whether there was a clear abuse of discretion." Mason v. Erwin , 157 N.C. App. 284, 287, 579 S.E.2d 120, 122 (2003) (citation and quotation marks omitted). "Only a finding that the judgment was unsupported by reason and could not have been a result of competent inquiry, or a finding that the trial judge failed to comply with the statute ... will establish an abuse of discretion." Wiencek-Adams v. Adams , 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992) (internal citations omitted). However, "[t]he trial court must ... make sufficient findings of fact and conclusions of law to allow the reviewing court to determine whether a judgment, and the legal conclusions that underlie it, represent a correct application of the law." Ludlam v. Miller , 225 N.C. App. 350, 355, 739 S.E.2d 555, 558 (2013) (quoting Spicer v. Spicer , 168 N.C. App. 283, 287, 607 S.E.2d 678, 682 (2005) )
We typically review an award of attorney's fees under N.C. Gen. Stat. § 50-13.6 (2016) for abuse of discretion. However, when reviewing whether the statutory requirements under section 50-13.6 are satisfied, we review de novo . Hudson v. Hudson , 299 N.C. 465, 472, 263 S.E.2d 719, 724 (1980) (citation omitted). Only when these requirements have been met does the standard of review change to abuse of discretion for an examination of the amount of attorney's fees awarded. Burr v. Burr , 153 N.C. App. 504, 506, 570 S.E.2d 222, 224 (2002) (citing Hudson , 299 N.C. at 472, 263 S.E.2d at 724 ).
IV. Analysis
We review Plaintiff's contention in four parts: (A) deviation from the Guidelines; (B) attorney's fees; (C) costs awarded to Defendant; and (D) credit for overpayment of child support.
A. Deviation from the Guidelines
Plaintiff argues the trial court failed to make proper findings when it deviated from the Guidelines. We agree.
N.C. Gen. Stat. § 50-13.4(c) (2012)[2] includes a presumption that the trial court shall apply the Guidelines. Id. However, if the trial court completes the following four-step process, it may deviate from the Guidelines:
*549 [f]irst, the trial court must determine the presumptive child support amount under the Guidelines. Second, the trial court must hear evidence as to the reasonable needs of the child for support and the relative ability of each parent to provide support. Third, the trial court must determine, by the greater weight of this evidence, whether the presumptive support amount would not meet or would exceed the reasonable needs of the child considering the relative ability of each parent to provide support or would be otherwise unjust or inappropriate. Fourth, following its determination that deviation is warranted, in order to allow effective appellate review, the trial court must enter written findings of fact showing the presumptive child support amount under the Guidelines; the reasonable needs of the child; the relative ability of each party to provide support; and that application of the Guidelines would exceed or would not meet the reasonable needs of the child or would be otherwise unjust or inappropriate.
Spicer , 168 N.C. App. at 292, 607 S.E.2d at 685 (quoting Sain v. Sain , 134 N.C. App. 460, 465-66, 517 S.E.2d 921, 926 (1999), disapproved of on other grounds , O'Connor v. Zelinske , 193 N.C. App. 683, 693, 668 S.E.2d 615, 621 (2008) ).
Our Court thoroughly summarized what we review for when a trial court deviates from the Guidelines:
"[i]f the trial court imposes the presumptive amount of child support under the Guidelines, it is not ... required to take any evidence, make any findings of fact, or *825 enter any conclusions of law 'relating to the reasonable needs of the child for support and the relative ability of each parent to [pay or] provide support.' " Biggs v. Greer , 136 N.C. App. 294, 297, 524 S.E.2d 577, 581 (2000) (quoting Browne v. Browne , 101 N.C. App. 617, 624, 400 S.E.2d 736, 740 (1991) ). "However, upon a party's request that the trial court deviate from the Guidelines ... or the court's decision on its own initiative to deviate from the presumptive amounts ...[,] the court must hear evidence and find facts related to the reasonable needs of the child for support and the parent's ability to pay." Id. at 297, 524 S.E.2d at 581 ; Gowing v. Gowing , 111 N.C. App. 613, 618, 432 S.E.2d 911, 914 (1993) (stating that "[t]he second paragraph of N.C. [ Gen. Stat. § ] 50-13.4(c) provides that [,] when a *550 request to deviate is made and such evidence is taken, the court should hear the evidence and 'find the facts relating to the reasonable needs of the child for support and the relative ability of each parent to provide support' "). In other words, "evidence of, and findings of fact on, the parties' income, estates, and present reasonable expenses are necessary to determine their relative abilities to pay." Brooker v. Brooker , 133 N.C. App. 285, 291, 515 S.E.2d 234, 239 (1999) (quoting Norton v. Norton , 76 N.C. App. 213, 218, 332 S.E.2d 724, 728 (1985) ). In the course of making the required findings, "the trial court must consider 'the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.' " Beamer , 169 N.C. App. at 598, 610 S.E.2d at 224 (quoting State ex rel. Fisher v. Lukinoff , 131 N.C. App. 642, 645, 507 S.E.2d 591, 594 (1998) ). "These 'factors should be included in the findings if the trial court is requested to deviate from the [G]uidelines.' " Spicer , 168 N.C. App. at 293, 607 S.E.2d at 685 (quoting Gowing , 111 N.C. App. at 618, 432 S.E.2d at 914 ).
Ferguson v. Ferguson , 238 N.C. App. 257, 260-61, 768 S.E.2d 30, 33-34 (2014) (all alterations in original).
Plaintiff argues the trial court erred in deviating from the Guidelines without making the necessary findings. Specifically, Plaintiff argues the order lacks findings "regarding the appropriate amount of Guideline support ... [or] about the needs of the child and ability of the parties to pay that amount." Defendant agrees the trial court "failed to satisfy steps two, three, or four of the four-step deviation analysis."[3]
The trial court made findings regarding the parties' average monthly incomes, health insurance costs for the child, and work related child care costs for the child. The trial court further found it could deviate from the Guidelines on its own motion. In another finding, the trial court stated, "No evidence as to the actual expenditures of the child outside of *551 work related child care and health care insurance. There is no evidence of any extraordinary expenses of the child."
The trial court failed to make the requisite findings to support deviation from the Guidelines. Although a trial court's child support orders are accorded substantial deference, the order fails to meet our statutory and case law requirements. Accordingly, we vacate this portion of the order and remand for further findings. The trial court may, in its discretion, conduct a new hearing and receive additional evidence.
B. Attorney's Fees
Plaintiff next argues the trial court erred in ordering her to pay attorney's fees to Defendant. Plaintiff's argument is four-fold, and we address it in three parts: (i) findings supporting the award of attorney's fees; (ii) Plaintiff's arguments regarding the relative income of the parties; and (iii) fees awarded regarding Defendant's response to Plaintiff's petition for a writ of mandamus.
*826 i. Findings Supporting the Award of Attorney's Fees
N.C. Gen. Stat. § 50-13.6 provides:
[i]n an action or proceeding for the custody or support, or both, of a minor child ... the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; provided however, should the court find as a fact that the supporting party has initiated a frivolous action or proceeding the court may order payment of reasonable attorney's fees to an interested party as deemed appropriate under the circumstances.
Id. There is a distinction between fee awards in proceedings solely for child support and fee awards in actions involving both custody and support:
[b]efore a court may award fees in an action solely for child support, the court must make the required finding under the second sentence of the statute: that the party required to furnish adequate support failed to do so when *552 the action was initiated. On the other hand, when the proceeding or action is for both custody and support, the court is not required to make that finding. A case is considered one for both custody and support when both of those issues were contested before the trial court, even if the custody issue is resolved prior to the support issue being decided.
Spicer , 168 N.C. App. at 296-97, 607 S.E.2d at 687 (citations omitted). Although typically labeled findings, these findings are "in reality, [ ] conclusion[s] of law[.]" Dixon v. Gordon , 223 N.C. App. 365, 372, 734 S.E.2d 299, 304 (2012) (citing Atwell v. Atwell , 74 N.C. App. 231, 238, 328 S.E.2d 47, 51 (1985) ).
Turning to the attorney's fees, the trial court found, inter alia :
48. Defendant is an interested party in both the custody of his son and the financial support of his son.
49. Defendant acted in good faith to object to the Plaintiff's proposed relocation of the child to Vermont.
....
51. Defendant has insufficient means to defray the costs of the suit.
52. Procedurally, this case has been slowed by the heavy case load of the court system, trial strategy decisions by the Plaintiff's counsel, the health issues of prior trial counsel, as well as personal decisions by Plaintiff.
53. When the case was first set for trial, September 2010, former counsel for plaintiff sought to limit Defendant's evidence or a continuance until such time as Defendant served an amended answer and counterclaim. This delayed the trial.
....
55. After receiving an undesirable result in the custody [case], Plaintiff changed course, and opted to stay in North Carolina, presumably believing that this would negate the effects of the Court's ruling.
56. This created delay in executing an Order resulting from the hearing, as counsel and the Court made decisions as to how procedurally to move forward.
*553 57. Plaintiff then filed a Writ of Mandamus which was denied by the Court of Appeals, seeking an Order, despite the fact that it was Plaintiff's actions after trial which had complicated and slowed the process.
58. Defendant was forced to respond to this filing and incurred additional expenses.
59. Defendant has depleted all of his inheritance to cover fees and borrowed money from family.
60. Defendant has no estate, no retirement accounts, or other assets outside of his income.
61. Defendant supported the child without Plaintiff's assistance since July 15, 2011 and was garnished child support until the middle of September 2011 that went to the Plaintiff pursuant to an earlier child support *827 ordered when she had temporary custody.
62. Plaintiff acknowledged that she made no payments.
Plaintiff contends the findings "do not reflect the evidence before the Court nor ... are they sufficient findings of fact." Although Plaintiff recognizes "the trial court's findings of fact have more than the bare statutory language," she asks us to reverse and remand the trial court's award.
We conclude the trial court's order meets the statutory requirements, as it found Defendant is an interested party acting in good faith and has insufficient means to defray the expense of the suit.[4] Additionally, while these findings are properly treated as conclusions, we hold the trial court's conclusions are supported by the evidence. The order includes, in Finding of Fact Number 22, Defendant's gross income. Finding of Fact Number 23 discussed how Defendant "has borne all of the expenses associated with the child while in his primary care." Defendant's counsel filed an affidavit, outlining costs and fees incurred by Defendant in this action. Accordingly, the trial court's order contains more than "a bald statement that a party has insufficient means to defray the expenses of the suit[,]" and does not run afoul of our case law. Cameron v. Cameron , 94 N.C. App. 168, 172, 380 S.E.2d 121, 124 (1989) (citations omitted).
*554 ii. The Relative Incomes of the Parties
Plaintiff, throughout her brief and explicitly in assignment of error II. C., asks this Court to consider her ability to pay Defendant's attorney's fees. Plaintiff requests this Court consider and compare the parties' estates when reviewing the trial court's award of attorney's fees. Plaintiff cites to no case law in support of this contention.
We note our case law states "we do not believe that the determination of whether a party has sufficient means to defray the necessary expenses of the action requires a comparison of the relative estates of the parties" and N.C. Gen. Stat. § 50-13.6 "does not require the trial court to compare the relative estates of the parties[.]" Van Every v. McGuire , 348 N.C. 58, 59-60, 497 S.E.2d 689, 690 (1998) (citation omitted).[5] See also Respess v. Respess , 232 N.C. 611, 635, 754 S.E.2d 691, 707 (2014) (citations omitted). Accordingly, we hold this assignment of error is without merit.
iii. Fees Regarding Legal Services for the Writ of Mandamus
Plaintiff next argues the trial court erred in awarding attorney's fees related to Plaintiff's Writ of Mandamus. Specifically, Plaintiff argues Defendant's response to her writ of mandamus was "an unnecessary filing[,]" and, thus, Defendant is not entitled to attorney's fees.
Plaintiff argues Findings of Fact Numbers 55 through 62 are unsupported by the evidence. However, Plaintiff does not challenge Finding of Fact Number 65,[6] which states, "A total of $2,920.00 was spent related to responding to the writ of mandamus filed by Plaintiff. I find that Defendant is entitled to an award of $2,900.00 for those fees and expenses."
Plaintiff argues Defendant's response was moot, which he admitted in his response, and, thus, Defendant is not entitled to attorney's fees for the filing. Defendant points to evidence showing the trial court "did not understand the impact of the Petition[.]"
*828 *555 As stated supra the trial court made the statutorily mandated findings to award attorney's fees. Notwithstanding any alleged errors in Findings of Fact Numbers 55 through 62, the remaining findings show the trial court's decision was not an abuse of discretion. In Defendant's response to Plaintiff's petition for a writ of mandamus, Defendant argued the petition is moot. Defendant then addressed the merits of the petition, in case this Court concluded the petition was not moot. Although the petition may have been moot, we cannot say Defendant's filing was wholly unnecessary. We note the confusion of the trial court regarding its jurisdiction because Plaintiff filed her petition for a writ of mandamus. It was in the discretion of the trial court to award fees for this filing, and we cannot say the trial court's decision to award attorney's fees for Defendant's response to the petition for writ of mandamus was manifestly unsupported by reason. We overrule this assignment of error.
C. Costs Awarded to Defendant
Plaintiff next argues the trial court erred in awarding Defendant $3,500 in costs. Specifically, Plaintiff argues "Defendant-Appellee did not plead a request for costs nor was there a legal basis for costs, therefore, the award of costs to Defendant-Appellee must be reversed." Defendant argues his general prayer for relief in his original answer entitles him to costs.
Rule 8 of the North Carolina Rules of Civil Procedure requires pleadings to contain: "[a] demand for judgment for relief to which he deems himself entitled." N.C. R. Civ. P. 8(a)(2) (2016). However, " '[i]t is well-settled law in North Carolina that the party is entitled to relief which the allegations in the pleadings will justify.... It is not necessary that there be a prayer for relief or that the prayer for relief contain a correct statement of the relief to which the party is entitled.' " Harris v. Ashley , 38 N.C. App. 494, 498-99, 248 S.E.2d 393, 396 (1978) (quoting East Coast Oil Co. v. Fair , 3 N.C. App. 175, 178, 164 S.E.2d 482, 485 (1968) ) (other citations omitted).
We note Defendant filed an amended answer and counterclaim. In his controlling, amended pleading, he neither requests costs nor included a general prayer for relief. Hughes v. Anchor Enters., Inc. , 245 N.C. 131, 135, 95 S.E.2d 577, 581 (1956) (citation omitted) (holding the amended pleading superseded the original pleading and controlled). However, because Defendant is "entitled to relief which the allegations in the pleadings will justify[,]" we affirm the trial court's award of costs to Defendant. Harris , 38 N.C. App. at 498-99, 248 S.E.2d at 396 (citation omitted). We note Plaintiff only challenges the findings of fact *556 supporting the award of costs for being without "a legal basis" and not for lack of supporting competent evidence.[7] Because we hold there is a legal basis for the award, we overrule this assignment of error.
D. Credit for Overpayment of Child Support
Finally, Plaintiff argues the trial court erred in awarding Defendant a $2,000 credit for overpayment of child support. Specifically, Plaintiff contends the trial court did not receive evidence, beyond Defendant's counsel's argument, regarding an overpayment of child support. Essentially, Plaintiff argues Findings of Fact Numbers 39 through 45 are unsupported by the evidence. We agree.
"This Court's review is limited to a consideration of whether there is sufficient competent evidence to support the findings of fact, and whether, based on these findings, the Court properly computed the child support obligations." Miller v. Miller , 153 N.C. App. 40, 47, 568 S.E.2d 914, 918-19 (2002) (citation omitted). However, "it is axiomatic that the arguments of counsel are not evidence." State v. Collins, 345 N.C. 170, 173, 478 S.E.2d 191, 193 (1996) (citations omitted).
Plaintiff argues the record contains no sufficient, competent evidence to support the following findings:
*829 Overpayment Temporary Order for Child Support Through Order of Permanent Custody
39. Pursuant to a temporary Order for child support, entered without prejudice on September 24, 2009, Defendant paid an amount for child support of $558.31, that was a median between a schedule A and B calculations as plaintiff contended that Defendant did not have more than 123 overnights.
40. At trial in 2011, Plaintiff's own trial Exhibit (10) introduced at the custody trial reveals that Defendant had approximately 140-145 overnights a year and provided 100% of the transportation for his visits with the minor child, in addition to health insurance and a portion of a secondary policy that Mother provided, which the court ultimately found unnecessary.
*557 41. Defendant seeks a reimbursement of overpayment of child support and asks the Court to assume that he should have paid the worksheet B number included in the temporary order.
42. Defendant paid child support via wage withholding pursuant to this temporary order through September 2011 although an order terminating his support effect July 15, 2011 was entered in August 2011.
43. Defendant claims that from the entry of the order effective August 2009, through the order terminating his child support obligation, he over paid child support in the amount of $4,392.00 based on the number calculated for a B within the order.
44. The Court finds that it is appropriate to give the Defendant some credit for paying more than the guideline amount.
45. The Court finds that it will be too burdensome to have Plaintiff repay all of the overages paid and finds in its discretion to award a credit of less than one half that amount, the sum of $2,000.00.
Plaintiff contends "there was no evidence offered regarding Defendant-Appellee's alleged overpayment of child support" beyond arguments from counsel at the 14 September 2012 hearing. Defendant argues the 14 September 2012 hearing "was the resumption of testimony and evidence presented on June 6 & 7 2011[.]" Defendant then highlights portions of testimony from the 6 and 7 June 2011 hearings.
We conclude there is insufficient evidence in the record to support the findings regarding Defendant's overpayment of child support. Neither Plaintiff nor Defendant presented testimony at the 14 September 2012 hearing regarding Defendant's overpayment. Although Defendant's counsel argued Defendant overpaid under the Guidelines worksheet B amount, counsel's arguments are not evidence. Collins , 345 N.C. at 173, 478 S.E.2d at 193 (citations omitted). Additionally, the record does not include the transcripts from the 6 or 7 June 2011 hearings, to which Defendant cites. We are bound by the record on appeal. In re Savage , 163 N.C. App. 195, 196, 592 S.E.2d 610, 610-11 (2004) (citation omitted). Thus, we hold the trial court's findings are not supported by the evidence. Accordingly, we vacate this portion of the order and remand for further findings. The trial court may, in its discretion, conduct a new hearing and receive additional evidence.
*558 V. Conclusion
For the reasons stated above, we remand the trial court's deviation from the Guidelines and award of overpayment of child support for further findings consistent with this opinion. We affirm the trial court's award of attorney's fees and costs to Defendant.
VACATED AND REMANDED IN PART; AFFIRMED IN PART.
Judge DAVIS concurs.
Judge MURPHY dissents in a separate opinion.

Plaintiff asserted the parties separated on 6 July 2006. Defendant initially asserted the parties separated on 31 August 2006. In his amended answer and counterclaim, Defendant described the date of separation as "on or about mid-August of 2006."

We review under the version of the Guidelines effective in 2013, as those were controlling when the trial court entered its order.

After conceding the trial court erred in its findings, Defendant continues and argues we should direct the trial court to enter child support pursuant to Worksheet A. We decline to make an advisory opinion on what amount of child support we believe the evidence warrants, as that is within the discretion of the trial court and not at issue on appeal.

While Plaintiff points to other alleged required findings the trial court must make, we note those additional findings go to the reasonableness of the amount of attorney's fees awarded. However, Plaintiff did not appeal the reasonableness of the amount of fees awarded.

This quote is from the North Carolina Supreme Court's summary of the Court of Appeals' decision. The North Carolina Supreme Court largely approved of the Court of Appeals' opinion and modified the opinion to hold although the trial court does not have to compare the parties' estates, it is permitted to do so. Van Every , 348 N.C. at 60, 497 S.E.2d at 690.

We note Plaintiff does challenge Finding of Fact Number 65 in her argument regarding costs. However, she does not argue Finding of Fact Number 65 is unsupported by the evidence, and, instead argues there is no legal basis for the finding, because Defendant did not plead for costs, which we discuss infra .

Additionally, we note Plaintiff does not argue the types of costs awarded were not permitted by statute. It is not our duty to supplement a party's brief. N.C. R. App. P. 28(a) (2016).