FRANCIS v. FRANCIS

[169 N.C. App. 442 (2005)]

_____

LOIS D. FRANCIS, Plaintiff v. MARK E. FRANCIS, Defendant

No. COA04-765

(Filed 5 April 2005)

**1. Divorce— alimony—consideration of investment portfolio**

The trial court did not err by denying alimony payments for a period of 22 months and considering plaintiff wife's investment portfolio when calculating the amount of alimony that the trial court awarded, because: (1) the trial court considered all the statutory factors and exercised its discretion in determining the appropriate amount, duration, and manner of payment; and (2) the trial court had the authority under N.C.G.S. § 50-16.3A(b)(15) to consider any other factor relating to the economic circumstances of the parties that the court finds to be just and proper.

**2. Child Support, Custody, and Visitation— Child Support Guidelines—combined gross monthly income**

The trial court did not err by using the child support guidelines even though plaintiff contends the parents' combined gross income was greater than $20,000.00 per month, because: (1) the

trial court determined that defendant's total gross income was $11,282.00 per month and plaintiff's gross income was $698 per month, which combined was below the $20,000.00 threshold; and (2) the trial court was permitted to use the guidelines requiring defendant to continue paying $1,521.00 per month in child support.

### 3. Costs— attorney fees—alimony—child support

The trial court did not err in an alimony and child support case by allegedly failing to award adequate attorney fees, because: (1) plaintiff wife received one-third of her total attorney fees, which the trial court determined was reasonable based on the nature and scope of the legal services rendered and the time required of counsel and her staff; and (2) plaintiff failed to show the trial court abused its discretion.

Appeal by plaintiff from order entered 24 November 2003 by Judge Shelley H. Desvousges in Wake County District Court. Heard in the Court of Appeals 12 January 2005.

*Constance M. Ludwig for plaintiff appellant.*

*Law Offices of Charles H. Montgomery, by Charles H. Montgomery and Jeanne B. Ford, for defendant appellee.*

McCULLOUGH, Judge.

This is a family law dispute involving alimony, child support, and attorney fees. Plaintiff Lois D. Francis and defendant Mark E. Francis were married in 1981 and separated on 5 March 2000. Their daughter, Laura Francis, was born on 22 August 1988.

On 9 May 2000, plaintiff filed claims for post-separation support, child support, alimony, attorney fees, equitable distribution, and child custody. Defendant filed an answer and counterclaims for equitable distribution and child custody on 1 July 2000.

On 24 November 2003, the trial judge issued an order requiring defendant to pay: (1) $1,521.00 in child support; (2) $2,000.00 per month in alimony for five years or until plaintiff reaches the age of 62 (whichever is later); and (3) $17,202.91 for attorney fees. Plaintiff appeals.

On appeal, plaintiff argues that the trial court erred by (1) denying alimony payments for a period of 22 months and considering

plaintiff's investment portfolio when calculating the amount of alimony that the trial court did award, (2) using the child support guidelines in this case, and (3) failing to award adequate attorney fees. We disagree and affirm the decision of the trial court.

## I. Alimony

[1] Plaintiff argues that the trial court erred by denying alimony payments for a period of 22 months and considering plaintiff's investment portfolio when calculating the amount of alimony that the trial court did award. We disagree.

Pursuant to N.C. Gen. Stat. § 50-16.3A(a) (2003):

The court shall award alimony to the dependent spouse upon a finding that one spouse is a dependent spouse, that the other spouse is a supporting spouse, and that an award of alimony is equitable after considering all relevant factors, including those set out in subsection (b) of this section.

When awarding alimony, the trial court must consider the sixteen factors set forth in N.C. Gen. Stat. § 50-16.3A(b)(1)-(16). The court also has "discretion in determining the amount, duration, and manner of payment of alimony." N.C. Gen. Stat. § 50-16.3A(b). The trial court's decision regarding the amount of alimony will not be disturbed unless there is a manifest abuse of discretion. *Bookholt v. Bookholt*, 136 N.C. App. 247, 249-50, 523 S.E.2d 729, 731 (1999).

In the present case, the trial court determined that plaintiff was entitled to alimony since plaintiff was a dependent spouse and defendant was a supporting spouse. Additionally, the trial court considered all of the statutory factors before concluding that an award of alimony was equitable. Defendant was required to pay $2,000.00 per month beginning on 1 June 2003. The payments would last for five years or until plaintiff turned 62 (whichever is later).

Defendant has not shown that the trial court abused its discretion in denying alimony for a period of 22 months. As we have indicated, the trial court considered all the statutory factors and exercised *its* discretion in determining the appropriate amount, duration, and manner of payment. Additionally, the trial court acted properly in considering plaintiff's investment portfolio when calculating the amount of alimony. Undoubtedly, the trial court had the authority to evaluate this factor under N.C. Gen. Stat. § 50-16.3A(b)(15), the provision that permits consideration of "[a]ny other factor relating to the economic

circumstances of the parties that the court finds to be just and proper." We overrule this assignment of error.

## II. Child Support

**[2]** Plaintiff argues that the trial court erred in making its determination of child support. Pursuant to N.C. Gen. Stat. § 50-13.4(c) (2003), "[t]he court shall determine the amount of child support payments by applying the presumptive guidelines[.]" However,

> [i]n cases in which the parents' combined adjusted gross income is more than $20,000 per month ($240,000 per year), the supporting parent's basic child support obligation cannot be determined by using the child support schedule.

2005 Ann. R. (N.C.) 48. In these instances, the court should consider, "on a case by case basis," "the reasonable needs of the child(ren) and the relative ability of each parent to provide support." *Id.*

In the present case, defendant voluntarily paid $1,521.00 per month, the maximum amount for supporting one child under Schedule A of the North Carolina Child Support Guidelines. Defendant contends that the trial court should not have used the child support guidelines because the parents' combined gross income was greater than $20,000.00 per month. We disagree.

Based on defendant's testimony, the trial court determined defendant's income to be $9,516.00 per month in salary and $1,766.00 per month from investments. Thus, his total gross income was $11,282.00 per month. The trial court acknowledged that some of defendant's earned income from investments and sales of stock was higher in 2001 and 2002, but this would not recur in 2003 and beyond. Plaintiff stated in her affidavit that her gross income was $698.00 per month. The parents' combined gross income was $11,980.00 which is below the $20,000.00 threshold. Accordingly, the trial court was permitted to use the child support guidelines and require defendant to continue paying $1,521.00 per month in child support. We overrule this assignment of error.

## III. Attorney Fees

**[3]** Plaintiff argues that the trial court erred in its award of attorney fees. Plaintiff suggests that the award should have been higher. Our Supreme Court has explained:

In order to receive an award of counsel fees in an alimony case, it must be determined that the spouse is entitled to the relief demanded; that the spouse is a dependent spouse; and that the dependent spouse is without sufficient means whereon to subsist during the prosecution of the suit, and defray the necessary expenses thereof. Whether these requirements have been met is a question of law that is reviewable on appeal, and if counsel fees are properly awarded, the amount of the award rests within the sound discretion of the trial judge and is reviewable on appeal only for an abuse of discretion.

*Clark v. Clark*, 301 N.C. 123, 135-36, 271 S.E.2d 58, 67 (1980) (citations omitted). In the present case, plaintiff received one-third of her total attorney fees. The trial court determined that this amount was reasonable because of "the nature and scope of the legal services rendered[] [and] the skill and time required of counsel and her staff." Since plaintiff has failed to show that the trial judge abused her discretion in making this award, we overrule this assignment of error.

We have considered plaintiff's other arguments and have determined that they are without merit. Therefore, the trial court's order is

Affirmed.

Judges ELMORE and LEVINSON concur.