STROUD, Judge.
 

 *228
 
 Because the trial court may have misapprehended its ability to consider the financial circumstances of the defendant Mother in awarding attorney fees to plaintiff Father under North Carolina General Statute § 50-13.6, we reverse the order awarding attorney fees to Father and remand to the trial court for reconsideration of this issue.
 

 I. Background
 

 This case arises from a long and contentious custody case. After their separation, plaintiff-Father filed a complaint in 2013 against defendant-Mother with claims for emergency temporary custody, permanent custody, child support, equitable distribution, interim distribution, appointment for a guardian ad litem, and attorney fees. We need not go into great detail regarding the multiple claims here, but the custody dispute centered in large part around Mother's move to Mississippi with the children. Over the years the trial court entered several orders but the
 
 *229
 
 only one at issue on appeal is from March of 2016, when the trial court ordered Mother to pay Father $30,000.00 for attorney fees pursuant to North Carolina General Statute § 50-13.6. Mother appeals.
 

 II. Attorney Fees
 

 Mother's only argument on appeal is that the court erred by awarding Father $30,000.00 in attorney fees.
 

 In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding; provided however, should the court find as a fact that the supporting party has initiated a frivolous action or proceeding the court may order payment of reasonable attorney's fees to an interested party as deemed appropriate under the circumstances.
 

 N.C. Gen. Stat. § 50-13.6
 
 (2015). "Whether these statutory requirements have been met is a question of law, reviewable on appeal. Only when these requirements have been met does the standard of review change to abuse of discretion for an examination of the amount of attorney's fees awarded."
 
 Doan v. Doan
 
 ,
 
 156 N.C. App. 570
 
 , 575,
 
 577 S.E.2d 146
 
 , 150 (2003) (citation and quotation marks omitted).
 

 Mother first contends that the trial court "failed to make detailed findings of fact regarding [Father's] inability to defray the costs of the lawsuit" as is required under North Carolina General Statute § 50-13.6.
 
 See
 

 N.C. Gen. Stat. § 50-13.6
 
 . Mother cites to
 
 Dixon v. Gordon
 
 , wherein this Court reversed and remanded to the trial court because
 

 the only findings of fact were that father does not have sufficient funds with which to employ and pay legal counsel ... to meet Mother on an equal basis. Although information regarding father's gross income and employment was present in the record in father's testimony, there are no findings in the trial court's order which detail this
 
 *230
 
 information. We believe that because the findings in this case contain little more than the bare statutory language, the order is insufficient to support an award of attorneys fees.
 

 223 N.C. App. 365
 
 , 373,
 
 734 S.E.2d 299
 
 , 305 (2012) (quotation marks, ellipses, brackets, and footnote omitted), and
 
 Cox v. Cox
 
 , wherein this Court also reversed and remanded the case because "the trial court concluded that plaintiff did not have sufficient assets with which to pay his attorneys' fees and that defendant did have the means to pay plaintiff's attorneys' fees. However, there were no findings about plaintiff's monthly income or expenses."
 
 133 N.C. App. 221
 
 , 228,
 
 515 S.E.2d 61
 
 , 66 (1999). However, unlike the cited cases,
 
 contrast
 

 *167
 

 Dixon
 
 ,
 
 223 N.C. App. at 373
 
 ,
 
 734 S.E.2d at
 
 305 ;
 
 Cox
 
 ,
 
 133 N.C. App. at 228
 
 ,
 
 515 S.E.2d at 66
 
 , the trial court here did make "detailed findings of fact" including the following:
 

 6. The Plaintiff/Father is an airplane pilot and is employed by Southwest Airlines. His annual income is approximately $134,000.00.
 

 ....
 

 10. Plaintiff is the major financial support for the minor children due to Defendant's choice to stay home and help raise her stepchildren as well as stay home with her expected new born with her new husband.
 

 11. Plaintiff was forced to borrow money from family and deplete his savings in order to pay for attorney fees to represent his interests in having his children returned to North Carolina.
 

 12. Plaintiff's attorney fees overall were over $54,000.00 of which approximately $39,000.00 were charged for Ms. Sellers' attorney fees on custody of this matter for over 122 hours of work.
 

 13. This does not include costs for appearing at this hearing or preparing the order.
 

 14. Defendant incurred attorney fees of approximately $18,000.00 in the above case. These fees were paid with the proceeds which Defendant/Mother received from the domestic case.
 

 15. The evidence presented at trial and this hearing demonstrate that Plaintiff has insufficient means to defray the costs of this suit and that these sums affect the
 
 *231
 
 means with which Plaintiff has to support his children's financial needs.
 

 Mother's argument that the trial court made "only general findings" is simply inaccurate. This argument is without merit.
 

 Next, as to three of the detailed findings of fact just mentioned-10, 11, and 15-Mother contends portions of them "are not supported by the evidence." Mother's main contention about the challenged findings of fact is that there was no evidence to support them and her brief implies, at the very least, that no evidence was presented but rather "counsel simply made arguments[.]" Mother's argument has two fatal flaws: first, the trial court did hold a hearing, at which it considered documentary exhibits, including financial affidavits from the parties, and Mother actually testified; the second flaw is that the trial court explicitly noted that the order was based not just on this hearing, but also on the evidence presented at the hearings regarding the other matters at issue. The order here specifically notes in its introduction that the trial court made this determination "after reviewing the file, evidence presented, and the fee affidavit of Plaintiff[.]" In addition, finding of fact 15 shows that the trial court considered all of the evidence presented at the prior hearings:
 

 15.
 
 The evidence presented at trial and this
 

 hearing
 
 demonstrate that Plaintiff has insufficient means to defray the costs of this suit and that these sums affect the means with which Plaintiff has to support his children's financial needs.
 

 (Emphasis added.) Although Mother challenges the latter part of this finding which states that "Plaintiff has insufficient means to defray the costs of this suit[,]" she does not dispute the sources of the evidence that the trial court considered. Additionally, it is clear from the order what the "evidence presented at trial" referred to, since the order also notes that "Custody and Child Support were resolved at trial and an order was entered on April 11, 2014. Associated attorney fee claims were held open for later resolution." The child custody and support order had extensive findings of fact and was not appealed.
 

 Furthermore, at the beginning of the hearing on attorney fees, counsel recognized that the trial court would be considering evidence from the child custody and support hearing as well as that presented at this hearing as Father's attorney stated, with no objection or qualification from Mother's counsel,
 

 Your Honor, this is what we need in this situa-in this case. Our evidence is already in the court file. It's never
 
 *232
 
 been closed out. The parties' equitable distribution affidavits are both in the court file. Plaintiff's was filed February 2014, and Defendant's was filed in March of 2014. Those are in the file. And along that same time period
 
 *168
 
 in the file you should see both of their financial affidavits respectively filed 2-28-2014 and 3-5-2014. We also have the order for permanent custody and child support, which was entered in April of 2014, Your Honor[,]
 

 and the trial court responded, "Okay." Mother's argument that there was no evidence presented which could support the challenged portions of the three findings of fact is without merit.
 

 Lastly, Mother contends the trial court made an error of law because it believed it could not compare the relative estates of the parties, and if the trial court had done this comparison, it would have determined that an award of attorney fees was not appropriate. Mother notes that the trial court stated, "the law doesn't-it's not-it doesn't provide for me to consider how much money-in this case, how much money ... [mother]" makes. In fact, the trial court discussed its inability to make this comparison at some length at the hearing, but this is the substance of the trial court's statement of the law. Father makes no counter argument on appeal regarding this issue. We agree that from the trial court's rendition, it appeared to be under the impression that the
 
 only
 
 consideration was whether Father could pay his attorney fees, without any consideration of Mother's financial situation. We cannot discern from the order itself whether the trial court considered Mother's financial situation or in its discretion it simply declined to consider it. But a fair reading of the order is consistent with Mother's argument that the trial court misapprehended its discretion to consider her financial situation.
 

 Our Supreme Court clarified the extent of the trial court's discretion to consider the estate of the party ordered to pay attorney fees in
 
 Van Every v. McGuire:
 

 [W]hile the trial court should focus on the disposable income and estate of [the party requesting fees], it should not be placed in a straitjacket by prohibiting any comparison with [the other party's] estate, for example, in determining whether any necessary depletion of [the party requesting fees'] estate by paying her own expenses would be reasonable or unreasonable. Accordingly, the order of remand must be modified to remove these restrictions.
 

 *233
 

 348 N.C. 58
 
 , 62,
 
 497 S.E.2d 689
 
 , 691 (1998). In short, the trial court is not
 
 required
 
 to consider the financial circumstances of the party ordered to pay attorney fees under North Carolina General Statute § 50-13.6, but the trial court is
 
 allowed,
 
 in its discretion, to consider the financial circumstances of the party ordered to pay and to compare the financial situations of the parties.
 
 See
 

 Van Every
 
 ,
 
 348 N.C. at 62
 
 ,
 
 497 S.E.2d at 691
 
 .
 

 We must therefore reverse and remand the order for the trial court to reconsider its discretionary award of attorney fees. In exercising its discretion, the trial court may decline to consider Mother's financial situation in light of all of the circumstances of the case
 
 or
 
 it may consider her financial situation and compare it to Father's situation. Since the trial court made thorough findings of fact in the order on appeal and those findings were fully supported by the evidence, there is no need for the trial court to receive additional evidence on remand or to make additional findings of fact before entering a new order, but the trial court may in its discretion receive additional evidence or make additional findings.
 

 III. Conclusion
 

 For the foregoing reasons, we reverse and remand.
 

 REVERSED AND REMANDED.
 

 Judges DILLON and MURPHY concur.